UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>SGT. ELLIS, et al.,<br>　　　　　　　Defendants. | Case No. C18-5427-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 7, 2020 |

This matter is before the Court on plaintiff's motion for leave to file an amended complaint. Dkts. 32, 35. Defendants oppose plaintiff's motion. Dkt. 33. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court deny plaintiff's motion for leave to file an amended complaint. Dkt. 32.

FACTUAL AND PROCEDURAL HISTORY

On May 9, 2019, the Court granted defendants D. Dahne, K. McTarsney, C.O. McGinnis, Thomas L'Heureaux, Michael Wayman, M. Bradt, and J. Amsbury's "partial motion to dismiss" (Dkt. 20). Dkts. 24, 27. The Court dismissed plaintiff's claims against defendants D. Dahne, K. McTarsney, and C.O. McGinnis with prejudice. *Id.* The Court dismissed plaintiff's claims against defendants Thomas L'Heureaux, Michael Wayman, M. Bradt, and J. Amsbury without

prejudice. *Id.* The Court directed that the matter would proceed against the remaining non-moving defendants, Sgt. Ellis and C.U.S. Jones. *Id.*

Plaintiff's claims against defendants Thomas L'Heureaux, Michael Wayman, M. Bradt, and J. Amsbury in the original complaint related to alleged due process violations during plaintiff's infraction and disciplinary hearing process which resulted in plaintiff's conviction and loss of five (5) earned time credits.[1] *Id.* The Court found that plaintiff's claims against these defendants were barred by the *Heck/Balisok* "favorable termination rule" because a decision in this case would necessarily question the validity of the duration of plaintiff's confinement and plaintiff had not shown the results of the disciplinary hearing had been invalidated. *See id.*; *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Wise v. Washington State Dep't of Corr.*, 244 F. App'x 106, 109 (9th Cir. 2007) (The district court properly dismissed without prejudice plaintiff's claim that his due process rights were violated

---

[1] Plaintiff's allegations in the original complaint against defendants L'Hereaux and Wayman were summarized as follows in the Court's Report and Recommendation on defendants' motion to dismiss:
> Plaintiff's allegations against defendants L'Hereaux, Wayman, Bradt, and Amsbury pertain to an infraction he received in or around July 2016 related to an interaction he had with another inmate. *Id.*, at 38-45. A disciplinary hearing related to this occurrence was conducted in August 2016. [Dkt. 24 citing Dkt. 5] […] Specifically, plaintiff alleges defendant Wayman, the Department of Corrections investigator, violated his due process rights by: improperly seizing and "falsely" using a letter he had written to his sister to support a serious infraction report; denying plaintiff notice of the actual charges; fabricating evidence of scissors and razors being found on plaintiff's person and cell and conspiring to plant that evidence; fabricating serious incident reports stating the scissors and razors were found; failing to question the other inmate involved in the incident; failing to follow proper procedures; maliciously prosecuting and falsely reporting violations; and "conspire[ing]" with the hearings officer, defendant L'Heureaux, to find him guilty of as many infractions as possible. [Dkt. 24 citing Dkt. 5] […] Plaintiff alleges defendant L'Heureux, the disciplinary hearings officer, violated his due process rights by: refusing to recuse himself despite plaintiff's allegation that he had relied on a false statement at a prior hearing; failing to review video evidence favorable to plaintiff; failing to disclose evidence of mail seized by defendant Wayman and incident reports; failing to provide a continuance for plaintiff to review evidence; failing to provide confidential information and incident reports to plaintiff 24 hours in advance; denying plaintiff's request to present certain questions to defendant Wayman; "punishing" plaintiff based on letters to his sister and misinterpreting those letters and phone conversations at the hearing as threats toward the other inmate involved. [Dkt. 24 citing Dkt. 5].

by disciplinary proceedings that resulted in the loss of good time and earned time credits because plaintiff failed to show that the results of the disciplinary hearings were invalidated).

Plaintiff now moves to amend his complaint to allege the same or very similar claims against defendants L'Heureaux and Wayman related to his infraction and disciplinary hearing process. Dkt. 32. Plaintiff asserts that his proposed amended complaint "now states claims of denial of access to the courts" against these defendants instead of due process claims. *Id.*; Dkt. 34. In his reply to the motion plaintiff also asserts that he "seeks only a new hearing for relief, and monetary damages for actual injuries alleged in the amended complaint" and that "a new hearing only will not question the invalidity of [plaintiff's] confinement thereby not implicating the *Heck v. Humprey* … rule."[2] *Id.*

DISCUSSION

At this point in the litigation, plaintiff may no longer amend as a matter of course and, as such, pursuant to Fed. R. Civ. P. 15(a), he "may amend [his] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While this rule should be liberally interpreted, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to allow an amendment to a complaint Courts consider the following factors: "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989). "Futility alone can justify the denial of a motion to amend."

---

[2] The Court notes that plaintiff's proposed amended complaint also appears to exclude references to the loss of five days of earned time credit he received as a sanction as a result of his disciplinary hearing. However, plaintiff does not deny receiving this sanction in his proposed amended complaint and evidence that this sanction was imposed is part of the record as discussed in plaintiff's original complaint and included in the DOC's "Disciplinary Hearing Minutes and Findings" attached as an exhibit to the original complaint. *See* Dkt. 5, at 37.

REPORT AND RECOMMENDATION - 3

1  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, the Court finds the proposed
2  amendment would be futile.

3  Plaintiff re-asserts his claims against defendants L'Heureaux and Wayman as alleging a
4  different legal basis: Denial of his right of access to the courts – as opposed to his previously
5  asserted claim of a denial of his right to due process. Yet plaintiff's factual allegations remain
6  substantially the same – challenging defendants' actions related to their alleged improper seizure
7  and fabrication of evidence, and generally failing to proper procedures in the context of
8  plaintiff's prison infraction and disciplinary hearing. Plaintiff's proposed amended complaint
9  states no facts to indicate that defendants' actions in the context of the prison disciplinary
10 hearing denied him access to the *courts*, as opposed to denying him due process in the
11 disciplinary hearing, or caused him "actual prejudice with respect to contemplated or existing
12 litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*,
13 518 U.S. 343, 348 (1996) (articulating the "actual injury" requirement for stating a claim for
14 denial of access to the courts).

15 Plaintiff also contends he is only requesting a new prison disciplinary hearing as well as
16 monetary damages and that, therefore, his claims do not implicate *Heck* and the favorable
17 termination rule. But to afford plaintiff this relief would still necessarily question the validity of
18 the duration of plaintiff's confinement as it would, essentially, invalidate the disciplinary hearing
19 findings and resulting sanction. To the extent plaintiff seeks to invalidate the disciplinary
20 proceedings which resulted in the loss of his earned time credits, his remedy lies in habeas
21 corpus, not in a § 1983 action. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158
22 L.Ed.2d 32 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars

REPORT AND RECOMMENDATION - 4

affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Accordingly, the Court concludes that allowing amendment of plaintiff's complaint to include the same or similar factual claims against defendants L'Heureaux and Wayman would be futile. Plaintiff's claims would again be subject to dismissal for the same reasons stated in this Court's May 9, 2019 order - or under FRCP 12(b)(6) the claims would be dismissed for failure to otherwise state a claim upon which relief may be granted for denial of access to the courts. Dkt. 32.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY plaintiff's motion for leave to file an amended complaint. Dkt. 32.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **February 7, 2020**, as noted in the caption.

Dated this 21st day of January, 2020.

Theresa L. Fricke
United States Magistrate Judge