1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>                         Plaintiff,<br>   v.<br><br>SGT. ELLIS et al.,<br><br>                       Defendants. | CASE NO. 3:18-cv-05427-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 58) ("Report and Recommendation"), Plaintiff Jess Richard Smith's objections to the Report and Recommendation (Dkt. No. 59), and Defendants' Response to Plaintiff's Objections (Dkt. No. 60). Having reviewed the Report and Recommendation, the objections filed by Plaintiff, the response filed by Defendants, and the remaining record, the Court ADOPTS the Report and Recommendation of the United States Magistrate Judge, GRANTS Defendants' Motion for

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
OVERRULING OBJECTIONS - 1

Summary Judgment (Dkt. No. 44), DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 48), and DISMISSES the case.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). A party properly objects when he or she files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

The Court has reviewed the Report and Recommendation as well as Mr. Smith's objections. Almost the entirety of Mr. Smith's objections focuses on his contention that Judge Fricke did not view the facts in the light most favorable to the non-moving party and discusses the material facts Mr. Smith disputes. As an initial matter, it is clear that Judge Fricke considered the facts in the appropriate light. *See, e.g.*, Dkt. No. 58, at 36 (no material dispute on any confiscation of photographs that may have occurred, even accepting Mr. Smith's factual contentions).

In any case, even when viewed in the light most favorable to Mr. Smith, there is no genuine dispute of *material* fact. For example, while Mr. Smith disputes many of the facts discussed in the Report and Recommendation, he does not and cannot dispute the following facts he has admitted in his Motion for Summary Judgment, Dkt. No. 48, and his Brief in Opposition to Defendants' Motion for Summary Judgment and his accompanying declaration, Dkt. No. 49: (1) on February 29, 2016, Mr. Smith praised God "in a loud manner" and "again yelled religious praises," *id.* at 7, 29; (2) "shortly thereafter, Sgt. Ellis and CUS Jones[ ] showed up at Smith's cell front and began questioning him[ ] about being under the influence of drugs," *id.* at 9, 30;

*see also* Dkt. No. 48, at 4; (3) Mr. Smith was then removed from his cell and taken to the medical floor, Dkt. No. 49, at 30; (4) during his absence from his cell, several items were confiscated during a search, including his Bible, Dkt. No. 48, at 5; (5) his Bible "was missing the tab[l]e of contents and the back page of the subject index,"[1] *id.*, and was, therefore, altered; and (6) Mr. Smith received a replacement Bible on March 12, 2016, *id.* at 14.

Also, Mr. Smith does not dispute in any of his pleadings Sergeant Ellis's observation of Mr. Smith's physical condition during the February 29 questioning (*i.e.*, that Mr. Smith's eyes were dilated, he was speaking very fast, appeared jittery, and was not standing still), Dkt. No. 45 at 3, but explains it was a "misinterpretation of Smith's excitement." Dkt. No. 49, at 7. Mr. Smith does not allege that Sergeant Ellis made any comments regarding Mr. Smith's religion or what he was saying; rather, he concedes that Sergeant Ellis's comments and questioning were focused on Mr. Smith's potential drug use. *See* Dkt. No. 48, at 4; Dkt. No. 49, at 9, 30. Mr. Smith does not dispute that altered property is not allowed under Department policy. Dkt. No. 55-2, at 4. Further, Mr. Smith does not dispute that a number of surge protectors and power cords that had black soot on them and areas where they were melted were found in his cell on February 29. Dkt. No. 45, at 5. Sergeant Ellis states that: "arching" is "a known way where one can make a spark to light something on fire without a match or lighter"; the power devices confiscated from Mr. Smith's cell showed signs that they were altered for arching; and Bible pages are frequently used for rolling paper to smoke something. *Id.* These statements are also undisputed by Mr. Smith.

All of these facts were considered in the Report and Recommendation. The Court finds that the combination of all of these undisputed facts taken together are sufficient to support the

---

[1] There is a dispute as to how altered the Bible was, but the only relevant fact for purposes of this inquiry is that the Bible was altered.

findings of law laid out in Magistrate Judge Fricke's methodical and thorough forty-nine-page Report and Recommendation. There is no genuine dispute of material facts, as the undisputed facts show that Defendants acted within the bounds of their authority, and any disputed facts are not material to Mr. Smith's claims.

The final paragraph of Mr. Smith's objection asserts that the Report and Recommendation failed to rule on his state law claims. Dkt. No. 59, at 13. However, the Defendants against whom Mr. Smith raised state law claims (*i.e.*, Wayman, Amsbury, Brandt, McGinnis, L'Heureux, McTarsney, and Dahne, *see* Dkt. No. 5 at 34-43 (¶¶ 65-71)) were dismissed from the case by a May 9, 2019 order of the Court. Dkt. No. 27. With the dismissal of the remaining federal claims—which constitutes all the claims over which this Court had original jurisdiction—in Mr. Smith's Complaint against the remaining defendants by this Order, the Court declines to exercise supplemental jurisdiction of any timely and viable state law claims Mr. Smith may have asserted, under the principles of economy, convenience, fairness, and comity. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." (citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966))), *superseded on other grounds by* 28 U.S.C. § 1447(c). This case is still in its early stages, relatively speaking, and any state law claims that Mr. Smith may have remaining are best addressed by state courts rather than federal courts. *See, e.g.*, *Goon v. Coleman*, 2020 WL 363377, at *15 (W.D. Wash. Jan. 21, 2020) ("Now that the court has granted summary judgment against Mr. Goon's federal claims, all that remains of this case are four Washington state tort claims . . . . Thus, comity

weighs in favor of dismissing this case so that it may be refiled in state court."). Mr. Smith may file a new complaint asserting state law claims more clearly in state court if he so wishes.

For the reasons stated above, the Court ORDERS as follows:

1. The Court ADOPTS the Report and Recommendation;[2]

2. Defendants' Motion for Summary Judgment (Dkt. No. 44) is GRANTED in its entirety, and Plaintiff's Motion for Summary Judgment (Dkt. No. 48) is DENIED in its entirety;

3. All federal claims against Defendants are DISMISSED with prejudice, and any state law claims against Defendants are DISMISSED without prejudice;

4. The Clerk shall ENTER judgment and CLOSE the case; and

5. The Clerk is DIRECTED to send copies of this Order to all parties.

Dated this 25th day of April 2022.

Tana Lin
United States District Judge

---

[2] The Court defers decision on the Report and Recommendation's suggestion that Mr. Smith's *in forma pauperis* status be revoked. Dkt. No. 58, at 48. The Court may revoke *in forma pauperis* status if it determines that an appeal would be frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) (district court may make the certification before or after an appeal is filed).

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
OVERRULING OBJECTIONS - 5