1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

JESS RICHARD SMITH,

CASE NO. 3:18-cv-05427-TL

12
                        Plaintiff(s),

ORDER ON PLAINTIFF'S MOTION
13      v.

TO TERMINATE FILING FEES

SGT. ELLIS et al.,
14
                        Defendant(s).
15

16

17         This matter is before the Court on Plaintiff Jess R. Smith's motion to terminate filing fees

18  and for the reimbursement of collected payments (the "Motion"). Dkt. No. 72. Plaintiff, an

19  incarcerated individual, brings a civil rights action under 42 U.S.C. § 1983 against individual

20  Defendants for alleged violations of his constitutional rights arising out of certain incidents

21  during his incarceration. Having considered the relevant record, the Court DENIES the Motion.

22         The Court previously issued a judgment dismissing Plaintiff's action. Dkt. No. 62.

23  Plaintiff appealed to the Ninth Circuit. Dkt. No. 63 (Case No. 22-35352). Upon Defendant-

24  Appellees' motion, the Ninth Circuit revoked Plaintiff-Appellant's *in forma pauperis* status,

finding that Plaintiff-Appellant had at least three "strikes" under 28 U.S.C. § 1915(g). Dkt. No. 68. This statutory provision of the Prison Litigation Reform Act ("PLRA") bars incarcerated individuals from filing suits after accumulating three or more dismissals (or "strikes") on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted, except in certain circumstances not applicable here. *See* 28 U.S.C. § 1915(g); *see also* Dkt. No. 68 (finding Plaintiff has not alleged imminent danger of serious physical injury). The Ninth Circuit subsequently dismissed Plaintiff's appeal. Dkt. No. 76. Plaintiff has a pending petition for a writ of certiorari before the United States Supreme Court. Dkt. No. 77.

Plaintiff now moves the Court to waive and reimburse all court filing fees from this action, on the basis that the Court should have barred his complaint "at initial screening." Dkt. No. 72 at 3–4. He states that he is owed $350 for the filing fee to this Court, $505 for his appeal to the Ninth Circuit, $9.55 in postage costs, and $78.33 in "copy cost," for a total of $1,007.88. *Id.* at 9. Defendants oppose, arguing that the PLRA requires the imposition of filing fees on incarcerated plaintiffs and that, in any case, Plaintiff is not entitled to any equitable considerations in his favor because he has litigated this matter extensively and also failed to identify his prior § 1915 strikes in his complaint. Dkt. No. 74.

As an initial matter, Plaintiff claims that the district court should have barred his Complaint at initial screening. But at the time Plaintiff's motion to proceed *in forma pauperis* was granted in August 2018, one of the three prior cases that the Ninth Circuit counted as a "strike" had not yet been dismissed. *See* Dkt. Nos. 4, 68. Therefore, the three-strike rule did not apply to Plaintiff at the time he initiated this case.

Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914 and are part of the costs of litigation. *E.g.*, *Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan*, No. C18-1095, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) (declining to reimburse filing fee

despite plaintiff's voluntary dismissal prior to service of process). Indeed, Plaintiff has used court resources by litigating this case through summary judgment and two levels of appeals. Further, "[n]othing in the statute, or any other statute, provides for the refund of a filing fee for any reason." *Id.* The same is true of parties who appeal to a court of appeals. *See, e.g.*, *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) ("In addition to covering some of the costs associated with opening a case, these fixed fees also serve to deter the filing of frivolous appeals . . . ."). The PLRA also specifically requires that a prisoner plaintiff "shall be required to pay the full amount of a filing fee," even if he "brings a civil action or files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1). Therefore, the Court lacks the authority to refund or waive Plaintiff's filing fee obligations. The Court is also unaware of any authority providing for the refund of postage and copying costs from the Court—nor does Plaintiff provide any.

The Court further notes that Plaintiff does not appear to have actually paid the vast majority of the filing fees that he requests be refunded. The July 21, 2022, statement of his trust account appears to show that $350 was owed to this Court, none of which were paid, and $498.57 owed to the Ninth Circuit, of which only $6.43 were paid. *See id.* at 12 (U.S. District Court filing fee entry for "C18-5427 RBL"); *id.* (U.S. District Court filing fee entry for "22-35352," the case number for Plaintiff's Ninth Circuit appeal).

Finally, to the extent that Plaintiff asks this Court to reverse the Ninth Circuit's decision revoking his *in forma pauperis* status, this Court lacks the authority to do so.

Accordingly, the Court DENIES Plaintiff's Motion (Dkt. No. 72).

Dated this 27th day of January 2023.

Tana Lin
United States District Judge

ORDER ON PLAINTIFF'S MOTION
TO TERMINATE FILING FEES - 3